FEDERAL SURETY COMPANY, Appellant, v. DES MOINES MORRIS PLAN COMPANY et al., Appellees.

No. 40694.

NOVEMBER 24, 1931.

Jordan & Jordan, for appellant.

Stipp, Perry, Bannister & Starzinger and Allen Lynch, for The Des Moines Morris Plan Company, appellee.

Harry L. Tschantz, for the Pewick Construction Company, appellee.

EVANS, J.—The Pewick Construction Company was a contracting firm engaged in acquiring and performing contracts for the improvement of highways. In the fall of 1924 its bid was accepted upon a gravelling project in and for Marshall County. The plaintiff-Federal Surety Company became its surety upon a performance bond in October, 1924. Performance of this contract was done in the ensuing year of 1925. In April, 1925, the Pewick Company applied to its co-defendant, Des Moines Morris Plan Company, for a loan of money. It was at that time the owner of a construction outfit of considerable magnitude, which comprised several large trucks suitable to its use in the performance of its contracts. It was already a debtor to the Morris Company for more than $2200, secured by chattel mortgages upon its construction outfit. Under an oral arrangement, whereby the Pewick Company was to secure the Morris Company upon the existing indebtedness and upon such loans as should be thereafter made, the Pewick Company gave to the Morris Company a written assignment of all installments of money to become due upon the ''monthly estimates'' in the course of performance of its gravelling contract. Certain additional loans were made from time to time to a total of $1425. The contract was thereafter fully performed by the Construction Company and accepted by Marshall County. The assignment of the ''monthly installments'' was duly filed with the proper officers of Marshall County and such installments were duly paid, as they accrued, to the Morris Company. These installments were seven in number. Out of each installment thus paid, the Morris Company retained a certain amount and applied the same upon its indebtedness and released and delivered to the Pewick Company the balance of such installment in its hands. Out of the last installment received by the Morris Company, it applied a sufficient sum to make full payment of the indebtedness due it, and turned back to the Pewick Company

the balance in its hands of more than $1200. The accuracy of the accounting as between the two defendants is not in dispute. The retained percentage of the contract price was still in the hands of Marshall County. The amount of such retained percentage was approximately $1000, whereas the lienable claims unpaid amounted to about $2000. The retained percentage was applied upon these claims. The balance due, of approximately $1000, upon such lienable claims, was paid by the plaintiff-Surety Company. The plaintiff predicates its right to equitable relief upon a somewhat mixed theory of law and fact, which may be stated briefly:

(1) That the Morris Company orally agreed with the Pewick Company to become its disbursing agent in the application of the monthly estimates and installments and agreed that such installments should be applied upon the claims accruing in the progress of the work; and that it breached such agreement and fraudulently applied such funds upon its own debt.

(2) That the plaintiff itself had obtained from the Pewick Company an assignment of said installments when it became surety on Pewick's bond and that such assignment was prior and superior to that of the Morris Company; that the Morris Company had notice of it and that it should be deemed to hold the installments in its hands in trust and subject to plaintiff's claims thereon.

(3) That the installments applied by the Morris Company upon its indebtedness were subject to the liens of the claim-holders, whose claims were paid by the plaintiff, as surety; that for such reason the Morris Company should be deemed to have received the same as a trustee; and that the plaintiff-Surety Company should be subrogated to the rights of the claim-holders, whose claims it paid.

This is a sufficient indication of the general theory upon which the plaintiff stands.

Its claim of a prior assignment is predicated upon the written application of the Pewick Company upon which the plaintiff-Surety Company became its surety. Sufficient to say that the written language relied on does not cover the installments here in question. It did include the ''retained percentage'' provided for by statute. This retained percentage was at all times retained by Marshall County until it was applied to the benefit

of the plaintiff-Surety Company in extinction of the debt *pro tanto*.

██ The allegation that the Morris Company agreed to become a disbursing agent, was not established. The evidence was to the contrary. In the performance of the agreement, as between the two defendants, the Morris Company did not assume to disburse any of the funds coming into its hands over and above the amounts applied on its own debt. As to every installment, it relinquished and delivered to the Pewick Company the unused portion. There was no voluntary assumption on the part of the Morris Company of a trusteeship.

██ The plaintiff's right of subrogation to the rights of the claim-holders may be conceded in an abstract sense. But the claim-holders had no lien upon the funds which came into the hands of the Morris Company. At this point the statute is conclusive. This provides that at least 10 per cent of the estimates shall be retained by the public body. As to such retained percentage, liens attach in the order of filing claims. The remainder of the monthly estimate becomes payable forthwith to the contractor. Section 10322 provides:

''The filing of any claim shall not work the withholding of any funds from the contractor except the retained percentage.''

It has been the policy of the statute not to encumber these installments. There was, therefore, no lien upon the installments which were assigned to the Morris Company and which passed through its hands.

Fraud is charged in the petition, but only constructive fraud is relied upon in the submission of the case. Constructive fraud could arise only out of a violation of the rights of plaintiff, or of those under whom it claims subrogation. The plaintiff cites, and relies upon, a number of our own cases in support of its contention at this point. It is enough to say that each and all of them involve controversy over the *retained percentage*. As to such percentage, the claim-holders did acquire liens by the filing of their claims. We have no occasion therefore to distinguish further, or discuss, the cited cases.

The trial court properly dismissed the petition as to the

Des Moines Morris Plan Company, and its judgment is,—Affirmed.

FAVILLE, C. J., and KINDIG, MORLING, and GRIMM, JJ., concur.